Filed 4/5/21  P. v. Dolida CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H048235 |
| Plaintiff and Respondent, | (Santa Cruz County Super. Ct. No. 18CR01251) |
| v. | |
| RICHARD DIAZ DOLIDA, | |
| Defendant and Appellant. | |

Defendant Richard Diaz Dolida pleaded guilty to two counts of committing a lewd act on a child under the age of 14.  The trial court imposed an aggregate term of eight years in prison.

We appointed counsel, who filed an opening brief stating the case and the facts but raising no specific issues.  We notified Dolida of his right to submit written argument on his own behalf within 30 days.  The deadline has passed and we received no response.

We have reviewed the entire record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  (See also *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*).)  We conclude there is no arguable issue on appeal, and we will affirm the judgment.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A. *Procedural Background*

The prosecution charged Dolida with three counts of committing a lewd act on a child under 14 years of age (Pen. Code, § 288, subd. (a)).[1]  As to all three counts, the information further alleged a multiple-victim circumstance.  (§ 667.61, subds. (b)-(e).)

---

[1] Subsequent undesignated statutory references are to the Penal Code.

Dolida pleaded guilty to two counts of committing a lewd act in exchange for the dismissal of the remaining charges and allegations.  The trial court imposed a total term of eight years, consisting of six years on count 1 and a consecutive two-year term on count 3.

Dolida timely appealed and did not seek a certificate of probable cause in either case.

### B. Facts of the Offenses[2]

Dolida was accused of touching two girls:  Jane Doe 1, his granddaughter; and Jane Doe 2, who was Jane Doe 1's older sister.

In 2014, when Jane Doe 1 was about 10 years old, she was sitting on a couch in the living room watching television with Dolida.  Dolida, who was sitting next to her, started to massage her inner thigh for about one to two minutes.  He then moved his hand to her vagina area and massaged her vagina over her clothing for about 10 to 20 seconds.  In a second incident, Dolida was passing Jane Doe 1 in the hallway when he asked her for a hug.  As she hugged him, Dolida reached down and touched her vaginal area over her clothing while he wrapped his other arm around her waist.  Jane Doe 1 disclosed the incidents to her therapist, and the police interviewed her about two weeks later.

Jane Doe 2 could only recall one incident of inappropriate touching.  When she was between five and 11, she was sitting on the couch next to Dolida when he began to rub the outer part of her vagina over her clothing with his right hand.  She disclosed the incident to two friends when she was in the eighth and ninth grades, and she later disclosed it to her therapist.

---

[2] The facts are taken from the transcript of the preliminary hearing.

2

## II. DISCUSSION

We have reviewed the entire record under *Wende*, *supra*, 25 Cal.3d 436, and *Kelly*, *supra*, 40 Cal.4th 106.  We find no arguable issue on appeal, and we conclude appellate counsel has fully complied with his responsibilities.  (*Wende,* at p. 441.)

## III.   DISPOSITION

The judgment is affirmed.

_____
Greenwood, P.J.

WE CONCUR:


_____
Grover, J.


_____
 Danner, J.


People v. Dolida
No. H048235